UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA   :

                              :

       v.                          1:25-cr-186 (RDM)

                              :

LINELL SHELTON   :

**DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

      Mr. Linell Shelton, the defendant, through undersigned counsel, pursuant to the Fourth Amendment to the United States Constitution, respectfully moves this Honorable Court to suppress the use as evidence at trial, all tangible objects seized as the result of the unlawful search and seizure by officers of the United States Capitol Police on June 21, 2025 in the area of 1st Street and D Street, NE, Washington D.C.  Mr. Shelton requests an evidentiary hearing on this motion.  In support of this motion, counsel submits the following.

**Factual Background**

      Mr. Shelton is charged in a one-count indictment with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  The charge arose out of an incident that occurred on June 21, 2025.

      That day, Capitol Police officers were conducting patrol in a marked police car.  Mr. Shelton was sitting on a sidewalk resting.  Officer Daniel Amendola approached Mr. Shelton, kneeled down next to him and then searched Mr. Shelton, removing a firearm from his waistline/belt area.  Mr. Shelton was awake and conscious at the time the officers searched him.

1

The defense anticipates that an evidentiary hearing will undermine the officer's claim that he could see, within Mr. Shelton's waistband, "rear sights of a handgun in plain sight" prior to seizing Mr. Shelton. From their vantage point, the officers could not identify what they believed they had seen, or even whether it was contraband.

The defense also anticipates that the hearing will establish that the officers had no other justification to seize or especially to search Mr. Shelton.

## Argument

At the time that Mr. Shelton was stopped, the police did not have a warrant for his arrest or reasonable articulable suspicion for any intrusion. Probable cause is an essential prerequisite to an arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Mr. Shelton was seized at the point that the police officers approached him as he was no longer free to leave. *United States v. Edmonds*, 240 F.3d 55, 58 (D.C. Cir. 2001). At that time, the officers had no reason to seize him. No exceptions to the Fourth Amendment applied.

Even assuming the officers could see what they said they could see, they were not able to determine what was tucked inside of Mr. Shelton's waistband. Thus, there was no evidence suggesting that Mr. Shelton had committed a crime. *United States v. Green*, 437 F. Supp. 2d 38, 41–42 (D.D.C. 2006) (citing *John Doe v. Metro. Police Dept. of D.C.,* 445 F.3d 460, 469 (D.C.Cir.2006)). The warrantless seizure of Mr. Shelton, therefore, was unlawful. The evidence seized as a result of the encounter must be suppressed as the fruit of the unlawful seizure of Mr. Shelton. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

Moreover, the search of Mr. Shelton was made without a warrant and without probable

cause. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967). Here, the police officers did not have a search warrant to search Mr. Shelton. Nor did the police have reasonable articulable suspicion that Mr. Shelton was armed and dangerous or committing a crime for which they were permitted to effectuate a stop. "It is the government's burden to provide evidence sufficient to support reasonable suspicion justifying any stop." *United States v. Castle*, 825 F.3d. 625, 634 (D.C. Cir 2016) (citations omitted). Although the interaction with Mr. Shelton constituted a seizure, the officers also did not have sufficient cause to conduct a stop and frisk without violating Mr. Shelton's constitutional and/or statutory rights. "Under *Terry*, and its progeny, a police officer may perform a protective frisk if he has reason to believe, based on 'specific and articulable facts … taken together with rational inferences from those facts,' that 'he is dealing with an armed and dangerous individual.'" *United States v. Holmes*, 385 F.3d 786, 789 (D.C. Cir. 2004) (quoting *Terry v. Ohio*, 392 U.S. 21, 27 (1968). Here, the officers did not have even arguable reasonable articulable suspicion that Mr. Shelton was armed until the police searched him.

## Conclusion

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Shelton respectfully requests that this motion be granted and that

the Court suppress the use as evidence of all items seized on June 21, 2025.

                                                    Respectfully submitted,

                                                    A. J. KRAMER
                                                    FEDERAL PUBLIC DEFENDER

                                                          /s/
                                                  _____
                                                  EUGENE OHM
                                                  Assistant Federal Public Defender
                                                  625 Indiana Avenue, N.W., Suite 550
                                                  Washington, D.C.  20004
                                                  (202) 208-7500